1  Robert H. Horn, SBN 134710
   rhorn@proskauer.com
2  Robert D. Forbes, SBN 275611
   <rforbes@proskauer.com>
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA  90067-3206
   Telephone:     (310) 557-2900
5  Facsimile:      (310) 557-2193

6  Attorneys for Plaintiff
   National Academy of Recording Arts
7  & Sciences, Inc.

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DESIRE, INC., an Arizona corporation, d/b/a WESTERN STATES TICKET SERVICE; ANTHONY BERAM, an individual; GOLDEN CIRCLE, INC., a California corporation, d/b/a GOLDEN CIRCLE TICKETS; AMIR KHALIGKI, an individual; MAP MARKETING & INCENTIVES, LLC, a California limited liability company; JAMES MCGORY, an individual; and DOES 1 through 20,<br><br>Defendants. | Case No. CV 12-378 MMM (PJWx)<br><br>**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS GOLDEN CIRCLE, INC. D/B/A GOLDEN CIRCLE TICKETS AND AMIR KHALIGHI** |

31400912v1

The parties having stipulated that the GRAMMY Awards® is a private event and the ticket policy of plaintiff National Academy of Recording Arts & Sciences, Inc. ("The Recording Academy®") prohibiting the unauthorized transfer or resale of tickets to the GRAMMY Awards is legally valid;

IT IS ORDERED, ADJUDGED AND DECREED that defendant Golden Circle, Inc. d/b/a Golden Circle Tickets ("Golden Circle"), and its officers, directors, employees, shareholders, agents, representatives, successors and assigns, and defendant Amir Khalighi, and all persons acting in concert or participation with any of them, including but not limited to Ticket Platform LLC, are permanently enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any of the following acts:

1. Offering or attempting to offer to buy or sell, or soliciting the purchase or sale of, any ticket, badges, credentials or anything entitling access to the GRAMMY Awards, pre- and post-GRAMMY Awards events, including without limitation the GRAMMY Celebration Party, and/or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc., including without limitation the MusiCares Person of the Year event;

2. Offering to perform, attempting to perform, or performing any act as an intermediary, broker or middleman relating to the purchase, sale or transfer of tickets, badges, credentials or anything entitling access to the GRAMMY Awards, pre- and post-GRAMMY Awards events, including without limitation the GRAMMY Celebration Party, and/or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc., including without limitation the MusiCares Person of the Year event;

31400912v1

2

3. Advertising or publishing any offer to purchase, sell, transfer or broker, or to otherwise act as an intermediary, broker or middleman, relating to the purchase, sale or transfer of tickets, badges, credentials or anything entitling access to any GRAMMY Awards, pre- and post-GRAMMY Awards events, including without limitation the GRAMMY Celebration Party, and/or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc., including without limitation the MusiCares Person of the Year event;

4. Gaining or attempting to gain access to any GRAMMY Awards, pre- and post-GRAMMY Awards events, including without limitation the GRAMMY Celebration Party, and/or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc., including without limitation the MusiCares Person of the Year event;

5. Knowingly participating in, aiding or facilitating, or attempting to participate in, aid or facilitate, any effort by any person to gain unauthorized access to any GRAMMY Awards, pre- and post-GRAMMY Awards events, including without limitation the GRAMMY Celebration Party, and/or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc., including without limitation the MusiCares Person of the Year event;

6. Receiving any compensation, whether in money, in kind or otherwise, for any of the acts described in subparagraphs (1) through (5) above;

7. Using or displaying for any purpose any registered mark, or any depiction, image, photograph, picture, illustration or other visual representation containing any registered mark owned by The Recording

Academy and/or any of it affiliates, including without limitation GRAMMY®, GRAMMY AWARDS®, GRAMMY CELEBRATION®, LATIN GRAMMY®, THE RECORDING ACADEMY®, GRAMMY FOUNDATION®, GRAMMY MUSEUM®, MUSICARES®, MUSICARES FOUNDATION®, and/or any variation of the gramophone design:

®.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Golden Circle and Amir Khalighi shall pay to The Recording Academy disgorged profits and attorneys' fees in the amounts set forth in the confidential portion of the parties' settlement agreement.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court retains jurisdiction to enforce this judgment and the Settlement Agreement entered into by The Recording Academy, Golden Circle and Amir Khalighi in this action.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  October 3, 2012

_____
Margaret M. Morrow
United States District Judge